## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERAFIN DE AHORA-BLANCO, | : | |
| Plaintiff | : | Civil Action No. 4:11-cv-01575 |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On April 26, 2011, Plaintiff Serafin de Ahora-Blanco filed a complaint in the above-captioned action in which he raises a claim under the Federal Tort Claims Act, 28 U.S.C. § 2674. (Doc. No. 1.)  The United States filed a motion to dismiss or, in the alternative, for summary judgment on November 4, 2011.  (Doc. No. 27.)  That motion has been fully briefed and is ripe for disposition.  In his brief in opposition, Plaintiff argues that summary judgment is premature at this time because he has had no opportunity to conduct any discovery.  (Doc. No. 40 at 2-3, 7-8.)

Rule 56(b) of the Federal Rules of Civil Procedure permits a defendant to move for summary judgment "at any time."  Fed. R. Civ. P. 56(b).  "If the non-moving party believes that its adversary's summary judgment motion is premature, that party is not without recourse." Koehnke v. City of McKeesport, 350 F. App'x 720, 723 (3d Cir. 2009).  Rule 56(d) provides that the Court may defer considering a motion for summary judgment or "allow time to obtain affidavits or declarations to take discovery" where the non-moving party "shows <u>by affidavit or declaration</u> that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d) (emphasis added).  The United States Court of Appeals for the Third

Circuit has recognized that an "attorney's unverified memorandum opposing the motion for summary judgment cannot substitute for a [Rule 56(d)] affidavit."[1]  Radich v. Goode, 886 F.2d 1391, 1394 (3d Cir. 1989).  Here, despite repeatedly contending in his brief in opposition that summary judgment is premature at this time, Plaintiff has failed to file an affidavit setting forth the need for discovery and what material facts he hopes to uncover by discovery in accordance with Rule 56(d).

ACCORDINGLY, on this 12th day of March 2012, **IT IS HEREBY ORDERED THAT** Plaintiff is directed to **SHOW CAUSE** on or before March 16, 2012, as to why the Court should not rule on the United States' motion to dismiss or, in the alternative, for summary judgment (Doc. No. 27) as filed.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] The Court notes that prior to December 1, 2010, the substance of Rule 56(d) was encompassed in Rule 56(f).  The Advisory Committee Notes to the 2010 amendments indicate that "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."  Fed. R. Civ. P. 56(d) (advisory committee's note to 2010 amendments).