IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERAFIN DE AHORA-BLANCO, | : | Case No. 4:11-cv-01575 |
|     Plaintiff | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Defendant. | : | |

# MEMORANDUM

December 5, 2013

For the reasons that follow, defendant United States of America's motion for summary judgment is granted.

## I.    General Background

On April 26, 2011, plaintiff Serafin De Ahora-Blanco (hereinfater, "Ahora-Blanco"), a former inmate of the low security division of the Allenwood Federal Correctional Complex (hereinafter "FCI Allenwood"), filed a complaint alleging that he was injured as the result of the negligence of employees of the Federal Bureau of Prisons (hereinfater, "BOP"). (ECF No. 1) (hereinafter, "Compl."). Specifically, Ahora-Blanco asserted in his complaint that, while he was using a weight machine in FCI Allenwood's gym on or about May 12, 2008, the machine "failed and collapsed on [him], fracturing his leg and causing other serious

1

injuries." (Compl. ¶ 10-11). Ahora-Blanco pinned blame for the machine's collapse on the BOP's breach of its "duty to maintain the weight equipment in a reasonably safe condition for its intended use." (Id. ¶ 7).

Ahora-Blanco sought relief from defendant United States of America (hereinafter, the "United States") pursuant to the Federal Tort Claims Act (hereinafter, the "FTCA"), 28 U.S.C. §§ 1346(b) & 2671-80, which, in relevant part, gives the district courts:

> exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

On March 29, 2012, the Honorable Yvette Kane, who was then presiding over this matter, denied the United States's "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," and granted Ahora-Blanco's motion for further discovery pursuant to Fed. R. Civ. P. 56(d). (ECF No. 44). Judge Kane ordered discovery to be completed by October 10, 2012. (ECF No. 49). The discovery period having run, the United States again moved for summary judgment on December 21, 2012. (ECF No. 50).

## II. Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" where it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" where "the evidence is such that a reasonable jury," giving credence to the evidence favoring the nonmovant and making all reasonable inferences in the nonmovant's favor, "could return a verdict for the nonmoving party." Id.

For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed must" be supported by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

Thus, where the moving party's motion is properly supported and his evidence, if not controverted, would entitle him to judgment as a matter of law, the

nonmoving party, to avoid summary judgment in his opponent's favor, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. In the face of the moving party's evidence, the nonmoving party's mere allegations, general denials or vague statements will not create a genuine factual dispute. See Bixler v. Cent. Pennsylvania Teamsters Health & Welfare Fund, 12 F.3d 1292, 1302 (3d Cir. 1993). Only citation to specific facts is sufficient. Anderson, 477 U.S. at 250.

Where the nonmoving party has had adequate time for discovery and will bear the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and summary judgment is warranted. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## III. Facts

Ahora-Blanco does not dispute the United States's recount of the material facts.[1]

---

[1]Instead, Ahora-Blanco vaguely takes issue with the United States's discovery responses, faulting the United States for failing to identify the inmate who reported Ahora-Blanco's accident to FCI Allenwood's "Recreation Specialist," Ian Lundy; failing to identify the inmates who told Lundy that Ahora-Blanco had not used the weight machine's safety locks; and failing to identify the

The undisputed facts are that Ahora-Blanco was incarcerated at FCI Allenwood from January 10, 2007 through April 30, 2009. (Def. Facts, Dec. 21, 2012, ECF No. 51 (hereinafter, "Def. Facts")). The afternoon of May 12, 2008, an inmate approached FCI Allenwood's "Recreation Specialist," Ian Lundy, reporting that "an inmate broke his leg on the weight pile." (Def. Facts ¶ 3). Upon arrival at the scene of the accident, Lundy found Ahora-Blanco ailing as the result of a visible injury to the lower part of his (Ahora-Blanco's) right leg sustained while using the "Hack Squat" machine in FCI Allenwood's Recreation Department. (Id. ¶ 4). Lundy contacted BOP health services (hereinafter, "health services") immediately, and Ahora-Blanco, crying from pain, was transported to the health services department within approximately five minutes of the time Lundy was notified of the accident. (Id. ¶¶ 5, 9). Health services personnel confirmed the obvious – Ahora-Blanco's "[l]eft [sic] lower ext[ension]"[2] exhibited a "deformity

---

individual or individuals who conducted the pre- and post- accident inspections of the weight machine, all despite a purported "obligation to do so." (Pl. Facts, Jan. 14, 2013, ECF No. 57 ¶¶ 3, 7, 8, 23). But if Ahora-Blanco suspected that the United States's discovery responses were evasive or incomplete, he should have moved to compel. See Fed. R. Civ. P. 37(a)(3)(B). Having failed to do so, the Court assumes the propriety of the United States's certification of its responses. See Fed. R. Civ. P. 26(g).

[2]The parties agree that it was Ahora-Blanco's right leg that was injured. (Def. Facts ¶ 4).

and external rotation" – and Ahora-Blanco, sedated by painkillers, was transported to a hospital in Bloomsburg, Pennsylvania. (Id. ¶¶ 11-12). Health services's "Clinical Encounter" form records Ahora-Blanco's statement with respect to the cause of his injury thusly: "while using squatting machine, didn't release weight and twisted leg while getting off the machine. [U]nsure of weight being used." (Id. ¶ 10).

Meanwhile, after contacting health services, Lundy questioned inmates who witnessed Ahora-Blanco's accident. (Id. ¶ 7). Lundy declares that the inmates told him Ahora-Blanco "failed to use the safety locks that prevent the [Hack Squat] machine from sliding down," (id.), but Ahora-Blanco objects that the inmates's statements are inadmissible hearsay (Pl. Opp'n Br., Jan. 14, 2013, ECF No. 58, at 3 (hereinafter, "Pl. Opp'n Br.")). The United States does not argue otherwise and the Court agrees with Ahora-Blanco that the inmates's statements do not support the fact of the matter asserted.

After questioning the inmates, Lundy inspected the Hack Squat machine and found no broken parts or other failures of the machine. (Def. Facts ¶ 8).

In addition to Lundy's post-accident inspection, prior to the accident, BOP had a policy of inspecting FCI Allenwood's recreation facilities, including "weight/fitness equipment," weekly. (Id. ¶¶ 19-20). Inspectors were to note

problems with equipment and any action taken in response on "Weekly Inspection for Recreation Facilities and Equipment" forms. (Id. ¶¶ 19-22). The forms documenting inspections performed during the five months prior to Ahora-Blanco's accident – as well as the forms from several weeks following the accident – record no problems with weight/fitness equipment. (Id. ¶¶ 23-25).[3]

Ahora-Blanco does not dispute the facts recounted supra, but he does add that, on the date of the accident, he:

> had used the [Hack Squat] machine before, and was familiar with its operation. The machine appeared [to him] as it always did. Nothing appeared out of place or unusual. [He] set [his] normal weights on the machine and prepared to exercise . . .. [A]s soon as [he] was in position [on the machine], without warning, the locking mechanism failed, causing the weight stack to fall down, collapsing on [him] . . .. [He] did not do anything differently than [he] ever had [done] before [to cause the machine to fail]. The incident happened suddenly and without warning, and without any wrong on [his] part.

(Pl. Decl., Jan. 14, 2013, ECF No. 55-1 ¶ 3).

## IV. Discussion

Pennsylvania's tort law applies here, and it is well-established in Pennsylvania that "[t]he mere fact that an accident occurred does not give rise to an

---

[3]Ahora-Blanco hints at a hearsay objection to these forms, but the Court is inclined to view them as admissible hearsay under the "business records" exception. See Fed. R. Evid. 803(6). Regardless, whether or not the forms are admissible is immaterial to the Court's holding.

7

inference that the injured person was the victim of negligence." Swift v. Ne. Hosp. of Philadelphia, 456 Pa. Super. 330, 690 A.2d 719, 722 (1997). Rather, the burden is on the plaintiff to establish each element of a negligence claim, those elements being: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." Id.

Ahora-Blanco concedes, as he must, that he has adduced no direct evidence showing that a breach of the BOP's duty towards him[4] caused his injury. (Pl. Opp'n Br. at 4). Without direct evidence, he resorts to the doctrine of res ipsa loquitur – which, in Pennsylvania, is "only a shorthand expression for circumstantial proof of negligence," Gilbert v. Korvette, 457 Pa. 602, 327 A.2d 94, 99 (1974) – to vivify his claim.

Under Restatement (Second) of Torts § 328D (1965) (hereinafter, "section 328D" or "§ 328D")), which Pennsylvania has adopted as the law of the Commonwealth, see Gilbert, 327 A.2d at 100, the plaintiff relying on res ipsa loquitur is entitled to present his proof to the jury only after the court determines

---

[4]The parties agree that the United States had a duty of reasonable care towards Ahora-Blanco, namely to protect him from dangers known to prison personnel, as well as dangers which might reasonably have been known. (Def. Supp. Br., Dec. 21, 2012, ECF No. 52, at 12; Pl. Opp'n Br. at 2-3; Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987) (Nealon, J.)).

that an inference of the defendant's negligence may reasonably be drawn from the plaintiff's circumstantial evidence. See § 328D(2). As for when an inference of the defendant's negligence is reasonable, section 328D further provides:

> (1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when
>     (a)    the event is of a kind which ordinarily does not occur in the absence of negligence;
>     (b)    other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
>     (c)    the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Where plaintiff's evidence does not satisfy each of these conditions, a jury verdict for the plaintiff would be "based on speculation and not supported by adequate evidence or reasonable inferences" – which is to say, unsustainable – and there is no use in having a trial. Winkler v. Seven Springs Farm, Inc, 240 Pa. Super. 641, 359 A.2d 440, 442 (1976).

      Here, even assuming Ahora-Blanco's evidence satisfies section 328D(1)(a) & (c) (and the Court is not so sure about (a)), it does not satisfy section 328D(1)(b), which requires of the plaintiff's evidence that it "sufficiently eliminate" the possibility that circumstances other than the defendant's negligence caused plaintiff's injury.

To "sufficiently eliminate" other plausible causes of the plaintiff's injury, "the plaintiff is not required to exclude all other possible conclusions beyond a reasonable doubt," but he is required to adduce evidence "from which the jury may reasonably conclude that the negligence was, more probably than not, that of the defendant." § 328D cmt. f. Where the plaintiff's evidence, viewed in the light most favorable to it, leaves it "at least equally probable that the negligence was that of a third person," not the defendant, then the plaintiff cannot prevail. Id.

The Superior Court of Pennsylvania's decision in <u>Lonsdale v. Joseph Horne Co.</u>, 403 Pa. Super. 12, 587 A.2d 810 (1991), is instructive. In that case, the plaintiff claimed that a jury could reasonably conclude that the injury to her hand, caused by a shop restroom's faucet handle, was, by virtue of <u>res ipsa loquitur</u>, the result of the shop's negligence in allowing the faucet handle to become injurious. The court disagreed, reasoning:

> [T]here was no evidence presented at trial that, if found credible, would eliminate third parties (e.g., manufacturer and other store patrons) as possible causes of the accident. Furthermore, common human experience suggests some explanations for a faucet handle breaking (excessive, inordinate and improper use) which do not involve negligence. The totality of these circumstances cannot be viewed to raise an inference of negligence.

<u>Lonsdale</u>, 587 A.2d at 816.

Likewise, in <u>Loncosky v. Wal-Mart Stores, Inc.</u>, 1997 WL 732465 (E.D. Pa. 1997), the plaintiff claimed that, by virtue of <u>res ipsa loquitur</u>, the jury could conclude that his injury – he fell, injuring his knees, when the handle on Wal-Mart's exit door gave out on him – was the result of the store's negligence. Judge Waldman disagreed, reasoning, "[e]ven assuming defendant can fairly be said to have exclusive control of its outer doors and accepting that plaintiff eliminated his conduct as a responsible cause, one cannot reasonably find by a preponderance of the evidence that plaintiff has eliminated other causes of the accident such as the manufacturer or other store patrons." <u>Id.</u> at *2.

As in <u>Lonsdale</u> and <u>Loncosky</u>, the most that can be said of Ahora-Blanco's evidence is that it eliminates his own conduct as the cause of his accident. It does not, on the other hand, eliminate either the conduct of the manufacturer of the Hack Squat machine, or the conduct of his fellow inmates, as the cause of his injury. Even viewing Ahora-Blanco's evidence in the most favorable light, it is "at least equally probable that the negligence was that of" these others, not an employee of the BOP, and accordingly, no reasonable jury could render a verdict for Ahora-Blanco. The United States's motion for summary judgment must be granted.[5]

---

[5]The United States offered additional reasons for summary judgment in its favor, but the Court sees no reason to consider them in light of its holding that Ahora-Blanco's evidence is insufficient to support a finding of the United States's

## V. Conclusion

For the foregoing reasons, defendant United States of America's motion for summary judgment is granted.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

negligence in the first instance.